## RYORS ET AL. *v.* KING.

PRACTICE.—*Judgment by Consent.—Appearance by Attorney.*—Where a judgment purports to have been rendered by agreement of the parties, made by their counsel, and without service of summons, the defendant can not, on appeal to the Supreme Court, question the authority of counsel to appear for him, without having first sought relief in the court below.

From the Monroe Common Pleas.

*P. C. Dunning* and *A. Ryors,* for appellants.

DOWNEY, J.—In this case the transcript of the record shows the filing of a complaint upon a promissory note, by the appellee against the appellants, on the 22d day of March, 1872. There is in the transcript the following:

" We, Alfred Ryors and James W. Cookerly, the within named defendants, hereby enter our appearance to the within action, hereby waiving the issuing of process and the service of process, and hereby enter our appearance to said action, as we might or could if duly served with due process of law, this 22d day of March, 1872." Signed by the defendants.

Afterward, on the 8th day of April, 1872, being the seventh judicial day of the term of the court, this order was made :

" Come now the parties by their counsel, and by agreement of parties, judgment is to be rendered in this cause, in favor of the plaintiff and against the defendants, for the sum of three hundred and ten dollars and fifty cents. It is therefore considered by the court that the plaintiff, David H. King, recover of the defendants, Alfred Ryors and James W. Cookerly, the sum of three hundred and ten dollars and fifty cents, the amount agreed upon by the parties herein, as also his costs and charges herein laid out and expended, assessed at ———— dollars, all collectible without valuation or appraisement laws."

The following errors are assigned in this court :

1. The court erred in taking cognizance of said cause, no summons having been issued, etc.

2. In assuming jurisdiction of the cause, the record showing that no such action had been legally commenced.

3. In rendering judgment in the cause, there being at the time no action in said court between the appellants and the appellee.

4. Because the record does not show said judgment to have been rendered by the agreement of the parties, through their counsel, and fails to show who appellants' counsel were, or that said counsel were properly and legally authorized to make such agreement, or appear in said cause on appellants' behalf, as required by the law of this State.

According to the former decisions of this court, the objection urged against the judgment can not be originally made in this court, but should be first presented to the court in which the judgment was rendered ; and an appeal taken to this

court, without having first moved in the matter before the court where the judgment was rendered, has been dismissed. *Jarrett* v. *Andrews*, 19 Ind. 403 ; *Dougherty* v. *Andrews*, 19 Ind. 406. Following these authorities we must dismiss the appeal.

The appeal is dismissed, with costs.